THOMAS PEDERSON, APPELLANT, v. AMERICAN SMELTING AND REFINING COMPANY, RESPONDENT.

Argued May 19, 1926—Decided October 18, 1926.

1. The plaintiff was an employe of a contractor of the defendant company. On returning from the toilet, and while passing between an engine and a car, temporarily detached, he was injured. The trial judge directed a verdict in favor of the defendant on the ground that the plaintiff assumed the risk of injury. *Held*, not error.

2. It was incumbent upon the plaintiff either to show that the opening between the engine and the car was, in fact, designed to be used as he used it, or else to bring home to the defendant some act or .conduct signifying that the place was so prepared or adapted, which might naturally lead the plaintiff to suppose that he could properly and safely use it.

On appeal from the Supreme Court.

For the appellant, *Joseph F. Deegan* and *Charles Hershenstein.*

For the defendant, *John E. Toolan.*

The opinion of the court was delivered by

BLACK, J. This suit was brought to recover damages for personal injuries. The trial resulted in a directed verdict for the defendant. The basis of the trial court's ruling was that the plaintiff assumed the risk of injury. That ruling is the sole ground of appeal. A summarized statement of some of the dominant and uncontradicted facts demonstrates the legality of the court's ruling. The accident happened on July 24th, 1923. Thomas Pederson, the plaintiff, was employed by John Pasky as an iron worker. The Barnett Company had installed a coal pulverizer for the defendant company. John Pasky was employed by the Barnett Company to make some changes in the coal pulverizer. Thomas Pederson, the plaintiff, had been working for John Pasky, at the plant of the defendant company five or six days before the accident. On the day of the accident the plaintiff left his work to respond to a call of nature. He was directed by his foreman which toilet he was to use and the manner of reaching it. On returning from the toilet he attempted to pass between an engine and a car temporarily detached, and was struck and injured by the moving engine. There were three ways by which he could have reached the toilet. There is no evidence in the case that would justify an inference of an invitation to go through the space between the car and the engine, so temporarily detached, where he was injured; nor is there any evidence that would justify an inference of a custom to so use such passage; at least, he did not pretend to have any knowledge of such a custom. The evidence is that it was a wrongful act on the part of the plaintiff in its relation to the defendant company. He assumed the risk of injury. The injury to the plaintiff was not the result of any negligent act of the defendant.

The case of *Furey* v. *New York Central, &c., Railroad Co.,* 67 *N. J. L.* 270, is directly in point. It is controlling. In

that case this court said, speaking through Mr. Justice Garrison (at *p.* 275), "it is incumbent upon the plaintiff either to show that the opening between the cars was in fact designed to be used as he used it, or else to bring home to the defendant some act or conduct signifying that the place was so prepared or adapted, which might naturally lead the plaintiff to suppose that he might properly and safely so use it. For these purposes three lines of proof are available—*first,* as to the opening itself; *second,* as to the use made of it by the employes of the defendant, and *third,* as to the use suffered to be made of it by the plaintiff and his associates."

The record is barren of any evidence to satisfy or even any attempt to prove these suggested elements of necessary proof to maintain the plaintiff's case. The plaintiff in the brief seeks rather ingeniously to distinguish this case from the Furey case in principle, but without success, as we think. The legal principles controlling this class of cases are so fully discussed by this court in the Furey case it would serve no useful purpose to attempt any further or extended discussion.

The judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHIEF JUSTICE, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, *JJ.*    13.

*For reversal*—None.